## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Douglas Erdman | § | |
| | § | |
| | § | Civil Action No. |
| | § | |
| v | § | 5:18-cv-628 |
| | § | |
| | § | |
| | § | |
| Accelerated Financial Solutions, | § | |
| | § | |
| LLC. | § | |

**Complaint**

_____

**Introduction**

1. Congress passed the Fair Debt Collection Practices act to address the use of abusive, deceptive, and unfair practices by debt collectors. Congress found that abusive debt collection practices contribute to the number of personal bankruptcies, marital instability, job loss, and invasions of individual privacy. It further found that debt collectors who refrain from abusive collection practices are competitively disadvantaged by those who engage in prohibited practices.

2. The FDCPA is a remedial statute meant to protect all consumers, including, in particular, those without financial savvy or sophistication. In reviewing an FDCPA complaint, a court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated

consumer standard, assuming that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *McMurray v. ProCollect, Inc.,* 687 F3d 665 (5th Cir. 2012).

3. Offering to settle a debt that is outside of the statute of limitations has been found to be an actionable violation of the FDCPA. *Dougherty v Convergent Outsourcing, Inc.* 836 F.3d 507 (5th Cir. 2016) (regardless of whether litigation is expressly threatened, offering to "settle" a time-barred debt, without explaining that the debt is not enforceable, can violate §§ 1692e and 1692f).

## Jurisdiction & Venue

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Parties

6. Plaintiff, Douglas Erdman, is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

7. Defendant, Accelerated Financial Solutions, LLC, is a Virginia Limited Liability Company that is authorized to transact business in Texas.

8. AFS's principal office is located at 25 Woods Lake Rd., Ste 507, Greenville, South Carolina 29607. It may be served via its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inc., 211 E. 7th Street, Suite 620, Austin, TX 78701.

**Facts**

9. AFS regularly collects, and attempts to collect, defaulted debts which were incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and internet.

10. The principal purpose of AFS is the collection of such debts.

11. The Debt is a defaulted debt that Erdman used for personal, family, and household purposes (the "Debt").

12. Sometime prior to April 3, 2018, AFS purchased or took assignment of Erdman's account.

13. On or about April 3, 2018, AFS sent Erdman a letter.

14. This letter was an attempt to collect the Debt.

15. This letter is attached as Exhibit A, except that, pursuant to Fed. R. Civ. P. 5.2 it has been redacted to remove personal identifying information.

16. More than four years before April 3, 2018, Erdman defaulted on the Debt.

17. AFS's letter states that it is a "Settlement Offer."

18. AFS's letter appears to be from an entity named Accelerated Financial Services, not Accelerated Financial Solutions, LLC.

19. Accelerated Financial Solutions, LLC does not have an assumed name on file with the Texas Secretary of State.

20. AFS's letter failed to provide Erdman with truthful, non-misleading information regarding the Debt.

## Cause of Action – Fair Debt Collection Practices Act

21. AFS is a debt collector as defined by 15 U.S.C. § 1692a(6).

22. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).

23. Erdman is a consumer as defined by 15 U.S.C. § 1692a(2).

24. The letter in Exhibit A is a communication as defined by 15 U.S.C. § 1692a(3).

25. The letter attempts to collect a time barred debt.

26. The letter states that it is a "settlement offer."

27. The letter fails to state that the Debt is not enforceable.

28. The letter does not state that a partial payment will revive the debt.

29. The letter does not contain AFS's true and correct business name.

30. The letter in Exhibit A violates the FDCPA in that:

    a. It uses false, deceptive, and misleading representations in violation of 15 U.S.C. § 1692e;

    b. It makes a false representation of the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A);

    c. It uses false representations in an effort to collect a debt in violation of 15 U.S.C. § 1692e(10); and

d.  It uses a name other than the true name of the debt collector's business, company, or organization in violation of 15 U.S.C. § 1692e(14).

**Jury Demand**

31. Plaintiff demands this case be tried before a jury.

**Prayer for Relief**

Plaintiff prays that the Court enter judgment against Defendant and in favor of Plaintiff for:

a.  Actual damages per 15 U.S.C. § 1692 k(a)(1);

b.  Statutory damages per 15 U.S.C. § 1692k(a)(2); and

c.  Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3).

Respectfully Submitted,

*/s/William M. Clanton*
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie
San Antonio, TX 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com